## No. 15,946.

SHERIDAN HOTEL, INC. ET AL. *v*. PERKINS,
DIRECTOR OF REVENUE ET AL.
(197 P. [2d] 468)

Decided August 30, 1948.

Mr. CARL J. SIGFRID, for plaintiffs in error.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, Mr. GEORGE K. THOMAS, Assistant, for defendant in error, Perkins.

*In Department.*

Mr. Chief Justice Burke delivered the opinion of the court.

Plaintiffs in error are hereinafter referred to as the hotel, Moore and Parsons, and defendants in error as the director and the city, respectively.

The director brought this action against the hotel to recover $276.25 as unpaid balance on a liquor license, due the state. The hotel answered alleging payment, save the sum of $27.41 for which it offered to confess judgment with costs. It further alleged that the city required of it a bond for $325 which it executed with Moore and Parsons as sureties and asked that they be made parties defendant. Complaint against them was accordingly filed alleging the action against the hotel and the execution of said bond. The answer of Moore and Parsons alleged that the license fee due from the hotel to the city was from December 10 to December 31, 1942, or 21 days only; that the city granted a rebate of the balance for the year; that the amount now claimed is for a penalty; and that the action was not commenced within one year from December 10, 1942. The director moved to strike the answer as no defense and moved for summary judgment. The latter motion was granted and a joint and several judgment entered in favor of the director against the city, its mayor, treasurer and clerk for $335.65 and in their favor against the hotel, Moore and Parsons on their bond, for such moneys as the city and its officers should pay in satisfaction of the judgment against them. To review that judgment the hotel, Moore and Parsons prosecute this writ, specifying four errors. These raise but the question of the sufficiency of the complaint against them and their answer thereto and to the original complaint.

Under the provisions of section 35, chapter 89, '35 C.S.A., the hotel was obligated to pay the city in

advance an annual license fee of $325. Under section 23, id., such license must be granted "for a period of one calendar year, or portion thereof remaining at the time of making application for said license, but where application is made for a portion of such calendar year, there shall be no reduction of the license fees provided herein because of such fact. All licenses shall expire December 31 of the year for which issued * * *." No rebate shall be paid by any city, town, city and county, or county of any alcoholic liquor license fee theretofore paid for any such license issued by it, except upon affirmative action by the respective licensing authority thereof, rebating a proportionate amount of such license fee."

The alleged rebate must be ignored because the record discloses that the statutory fee for 1942 was not paid and the permission to rebate it specifically limited by the above quoted section to fees which have been paid. As to all others the general prohibition applies that where the application is for but a portion of a year "there shall be no reduction of the license fees provided herein because of that fact." Just why the Legislature should prohibit a reduction before payment and permit it only thereafter as a rebate is not clear, but such is the only possible interpretation of the act. This conclusion being inescapable it disposes of the specifications if strictly construed.

■ However, in further explanation of this action and our additional conclusion it should be noted that section 2, article XXIV of the state Constitution sets aside 85 per cent of all such license fees and allots them to the old age pension fund, which provision is self-executing. *Denver v. People,* 103 Colo. 565, 88 P. (2d) 89. Hence this action by the director of revenue and his demand in his complaint for $276.25 only. The bond given by the hotel, Moore and Parsons, recites the acceptance of a pro rata portion of the license fee by the city and that "If the said obligors shall well and truly save harmless and indemnify the said city of Telluride,

its successors, and assigns, against all claims on account of the issuance of said license, and against all costs and expenses by reason of such claim, then this obligation to be void, otherwise to remain in full force and effect."

Liberally construed the fourth assignment can be said to cover any excess in the judgment, and since that sued for was merely that portion of the license fee allocated to the old age pension fund, it was the only portion in which the director was interested. We are unable to reconcile the judgment for $335.65 on a complaint which demanded but $276.25. To that extent therefore the judgment is reversed; otherwise affirmed.

MR. JUSTICE STONE and MR. JUSTICE HAYS concur.